UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JERMAINE JAMES,                                    Index No.: 23-cv-6984

                                 Plaintiff,            ECF CASE

              -against-

THE CITY OF NEW YORK, NYPD OFFICER KYLE          JURY TRIAL DEMANDED
VEGA, NYPD SUPERVISING POLICE OFFICER
RICHARD ROE, AND NYPD POLICE OFFICER JOHN
DOES NUMBERS ONE THROUGH TEN.

                          Defendants.          COMPLAINT

------------------------------------------------------------------X

       Plaintiff Jermaine James, by and through his attorneys, Wylie Stecklow, PLLC, and for his

Complaint against Defendants, hereby alleges the following conduct of Defendants, and states the

following causes of action based thereon:

## I.    PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to State common law tort claims, and pursuant to 42 U.S.C. §§ 1983

and 1988 for violations of his civil rights, as such rights are secured by those statutes and by the

Constitution of the United States, pursuant to Article I of the Constitution of the State of New

York, and pursuant to New York City Administrative Code §§ 8-802, 803(a-c) and 805.

    2.    Plaintiff seeks herein redress for the constitutional and tortious wrongs injuries

inflicted on him by Defendants under color of law.

## II.    JURISDICTION

3.    This action is brought in this Court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4.    This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all of Plaintiff's claims pursuant to Article I of the Constitution of the State of New York, and pursuant to New York City Administrative Code §§ 8-802, 803(a-c) and 805 because all of those claims derive from the same nucleus of operative facts as Plaintiff's federal claims, and are part of the same case or controversy that gives rise to the federal claims and causes of action here.

## III.    VENUE

5.    Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because a substantial part of the events giving rise to the claim occurred in this District.

## IV.    JURY DEMAND

6.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V.    THE PARTIES

7.    At all times hereinafter mentioned, Plaintiff Jermaine James was a resident of New York County, in the City of New York, State of New York.

8.    At all times hereinafter mentioned, The City of New York ("the City") was a municipal corporation duly organized and existing under the laws of the State of New York. The City is authorized by law to maintain a police department, the New York City Police Department

("NYPD"), which is authorized to perform all functions of a police department per the applicable sections of the New York State Criminal Procedure Law.

9.      At all times hereinafter mentioned, Defendant NYPD Officer Kyle Vega, Shield No. 29862, was a duly sworn police officer with the rank of Police Officer and is being sued in his individual capacity.

10.     At all times hereinafter mentioned, Defendant NYPD Supervising Police Officer Richard Roe was a duly sworn peace officer with a rank of Lieutenant or above and is being sued in his individual capacity.  At all times hereinafter mentioned, Defendant NYPD Supervising Police Officer Richard Roe was on duty and working at the Midtown South Precinct.

11.     At all times hereinafter mentioned, Defendant NYPD Police Officer John Does 1 – 10 were duly sworn police officers of the NYPD and are being sued in their individual capacities.  Upon information and belief, each of Defendant NYPD Police Officer John Does 1 – 10 were working in the Midtown South Precinct at all times hereinafter mentioned.

**VI.     FACTS**

12.     While walking in his midtown neighborhood during the late evening of October 17, 2022, Plaintiff Jermaine James accidentally spilled some ketchup on his clothing.  Mr. James entered the In and Out Deli at 1020 Avenues of the Americas, a local deli less than a block from his home, and asked the counterman, now known to be Youssef Henein, for a napkin.

13.     Mr. Henein replied to Mr. James' request, in sum and substance, "I don't have to give you people anything, I don't want to even make the food for you."

14.     Mr. Henein then began to berate Mr. James with racial slurs, and came out from behind the counter brandishing in a threatening manner an unidentified sharp metal kitchen tool of some sort.

15.     Mr. Heinen continued to assault Claimant with racial slurs, including calling him the N-word and saying, "You [black people], you get out of here."

16.     Mr. Heinen physically threatened Plaintiff while verbally assaulting him and brandishing the metal kitchen tool, saying, "You piece of shit, why you guys have to be like this, I'm going to kill you."

17.     Mr. James quickly left the store and flagged down a passing NYPD vehicle with two NYPD officers inside.  Mr. James explained what happened and stated to the officers that he had been threatened and had felt fearful of his safety.

18.     Upon information and belief, one of those two officers was Defendant NYPD Officer Kyle Vega, Shield No. 29862. The other was Defendant NYPD Police Officer John Doe 1.

19.     Upon information and belief, and in the alternative, Defendant NYPD Officer Kyle Vega or one of the NYPD Officer John Doe Defendants entered the store while Defendant NYPD Police Officer John Doe 1 stayed with Mr. James.

20.     After a short while of a minute or few minutes, while Defendant Officer Vega or Defendant NYPD Police Officer John Doe 1 was still in the store, Defendant NYPD Police Officer John Doe 2 and Defendant NYPD Police Officer John Doe 3 arrived on the scene.

21.     The Defendant Officer who had entered the store a few minutes previously then exited the store and spoke briefly with one or more of the other Defendant NYPD Police Officers.

22.     Immediately after that Defendant Officer spoke with the other officers present, one or more of the Defendant Officers began to search through a nearby trash can on the sidewalk.

23.     One or more of Defendants Officer Vegas and Police Officers John Does 1, 2, and 3 then grabbed Plaintiff, pulled his arms behind his back, manhandled him roughly, and handcuffed him.

24.     Mr. James was confused, alarmed and frightened.

25.     Plaintiff asked what was happening and was told he was under arrest.  Plaintiff was then put, handcuffed behind his back, into the rear of one of the NYPD patrol cars that were on the scene.

26.     Mr. James saw his neighbors walk by while he was handcuffed and being held in the back of a police car.  Mr. James felt extreme embarrassment as a result.

27.     Mr. James was transported to the Midtown South Precinct and placed in a holding cell.

28.     Defendant NYPD Officers Vega and Officers John Does 1 – 3 arrested and charged Mr. James, or caused him to be arrested and charged, under Penal Law 265.01(2) Criminal Possession of a Weapon in the 4th Degree: Intent to Use, and under Penal Law 120.15, Menacing in the 3rd Degree.

29.     While in the holding cell, Plaintiff informed Defendant John Doe Officers that the store had video surveillance cameras.  Plaintiff requested and urged Defendant John Doe Officers to look at the video.

30.     Plaintiff stated to the Defendant John Doe Officers that the store's surveillance video would show that he had done nothing wrong.

31.     Defendant NYPD Supervising Officer Richard Roe eventually spoke with Plaintiff and indicated that he would look at the surveillance video.  After several hours Defendant Officer Richard Roe returned to speak with Plaintiff.

32.     At that time and during that conversation, Defendant Officer Richard Roe informed Mr. James that he had viewed the surveillance video, and that he found the video confirmed that Plaintiff had done nothing wrong.  However, Defendant Officer Richard Roe did not cause Plaintiff to be released from custody.

33.     Rather, Defendant Officer Richard Roe intentionally caused Plaintiff's confinement to continue despite the fact he had viewed the surveillance video and had concluded and confirmed that Mr. James was innocent of any wrongdoing or crime.

34.     Rather, Defendant Officer Richard Roe intentionally caused Plaintiff's confinement to continue after he had viewed the surveillance video and had concluded and confirmed that Mr. James was innocent of any wrongdoing or crime.

35.     However, despite the fact that the NYPD Defendants concluded that Plaintiff had not done anything providing a legal basis for his confinement, Plaintiff was not released until the following day.

36.     Eventually, Plaintiff was released and issued a Desk Appearance Ticket.

37.     Defendant NYPD Officer Vega and the John Doe and Richard Roe defendants caused Plaintiff to be charged with Penal Law 120.15, Menacing in the 3rd Degree in the Criminal Court of the City of New York by communicating false information to the Manhattan District Attorney's office.  Specifically, Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had advanced toward another person while holding what appeared to be a knife.

38.     Mr. James is diabetic and felt ill and physically and emotionally unwell  while in the holding cell.

39.     Mr. James was forced to return to court to face these charges on three or more different dates. Eventually, on February 9, 2023, the case was dismissed.

40.     While in NYPD custody, Claimant was deprived of meaningful access to food, water, bathroom facilities, soap and other hygiene products, and other basic necessities for an extended period of time, and subjected to filthy, crowded, and unsanitary conditions of confinement.

41.     On May 9, 2023, within ninety (90) days of the date of the criminal case being dismissed, Mr. James caused a Notice of Claim to be filed with the City of New York.  The acknowledgment form for the Notice of Claim fling is 202300119032.  More than thirty (30) days have elapsed since the service of the Notice of Claim and the adjustment of payment has been neglected or refused.

<u>FIRST CLAIM FOR RELIEF</u>
**FALSE ARREST UNDER 42 U.S.C. § 1983**

42.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

44.     Defendant NYPD Office Vega and Defendants NYPD Officer John Does 1 – 3, individually and collectively, intended to confine Plaintiff and did in fact cause Plaintiff to be confined without his consent.

45.     Defendant NYPD Office Vega and Defendants NYPD Officer John Does 1 – 3, individually and collectively, caused Plaintiff to be confined by arresting and seizing Plaintiff and by thereafter actually confining him to and in the Midtown South Precinct holding cell cage.

46.    Specifically, Defendant NYPD Officer Vega and Defendants NYPD Officer John Does 1 – 3 actually and physically seized and arrested Plaintiff, or caused Plaintiff to be actually and physically seized and arrested, without a warrant and without probable cause, after Plaintiff requested that NYPD Officer Vega and Defendant John Doe 1 serve and protect Plaintiff in response to the physical threat and verbal assault Plaintiff had endured only minutes beforehand inside the In and Out Deli at 1020 Avenues of the Americas.

47.    The conduct of Defendant NYPD Officer Vega and Defendants NYPD Officer John Does 1 – 3 in seizing and arresting Plaintiff without a warrant in front of the In and Out Deli at 1020 Avenues of the Americas was not privileged by probable cause because each and all of them lacked any reasonably trustworthy information of facts and circumstances indicating that Plaintiff had committed any crime.

48.    Further, NYPD Supervising Officer Richard Roe caused Plaintiff to be confined, and caused Plaintiff's confinement in the Midtown South Precinct holding cell cage to continue, after and despite the fact that he had viewed surveillance video and had personally concluded and confirmed that Mr. James was innocent of any wrongdoing or crime.

49.    Each of the Individual Defendants and the John Doe Defendants, individually and collectively, caused Plaintiff to be confined by intentionally and knowingly acting in bad faith.

50.    Specifically, each and all of the Defendants in bad faith caused Plaintiff's confinement to continue despite the fact that they knew that surveillance video conclusively confirmed Plaintiff was in fact actually innocent of any wrongdoing or crime.

51.    Defendants' conduct in confining Plaintiff, and causing his confinement to continue, in the Midtown South holding cell cage was not privileged by probable cause because

each and all of them were aware that surveillance video conclusively confirmed Plaintiff was in fact actually innocent of any wrongdoing or crime.

52.    The case against Mr. James was dismissed on February 26, 2023.

53.    As a result of the Individual Defendants' actions, Plaintiff Jermaine James was subject to an illegal, improper and false arrest by the defendants and taken into custody and cause to be falsely detained, confined, and incarcerated without probable cause, privilege or consent.

54.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

SECOND  CLAIM FOR RELIEF
**FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983**

55.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

57.    Each of the Individual Defendants, individually and collectively, intended to confine Plaintiff and did in fact cause Plaintiff to be confined without his consent.

58.     Each of the Individual Defendants, individually and collectively, caused Plaintiff to be confined by arresting and seizing Plaintiff and by thereafter actually confining him to and in the Midtown South Precinct holding cell cage.

59.     Specifically, NYPD Supervising Officer Richard Roe caused Plaintiff to be confined, and caused Plaintiff's confinement in the Midtown South Precinct holding cell cage to continue, after and despite the fact that he had viewed surveillance video and had personally concluded and confirmed that Mr. James was innocent of any wrongdoing or crime.

60.     Each of the Individual Defendants and each and all of the John Doe Defendants, individually and collectively, caused Plaintiff to be confined by intentionally and knowingly acting in bad faith.

61.     Specifically, each and all of the Defendants in bad faith caused Plaintiff's confinement to continue despite the fact that they knew that surveillance video conclusively confirmed Plaintiff was in fact actually innocent of any wrongdoing or crime.

62.     Defendants' conduct in confining Plaintiff, and causing his confinement to continue, in the Midtown South holding cell cage was not privileged by probable cause because each and all of them was aware, or had actual knowledge, that surveillance video conclusively confirmed Plaintiff was in fact actually innocent of any wrongdoing or crime.

63.     The case against Mr. James was dismissed on February 26, 2023.

64.     As a result of the Individual Defendants' actions, Plaintiff Jermaine James was subject to an illegal, improper and false arrest by the defendants and taken into custody and cause to be falsely detained, confined, and incarcerated without probable cause, privilege or consent.

65.     As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing and had his personal reputation and good name among his close neighbors destroyed.

THIRD CLAIM FOR RELIEF
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

66.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

68.     Each of Defendant Officer Vega and Officers John Does 1 – 3 investigated, in their official capacities, Plaintiff's complaint that he was physically threatened and verbally assaulted inside the In and Out Deli at 1020 Avenues of the Americas by the counterman employed at that Deli.

69.     Each and all of the Defendants investigated, in their official capacities, the In and Out Deli counterman's allegation that Plaintiff had physically threatened and verbally assaulted the counterman.

70.     Defendants' investigation revealed and made them actually aware that Plaintiff was in fact actually innocent of any wrongdoing or crime.

71.     Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that

Plaintiff had committed the crime of Menacing in the Third Degree in violation of New York Penal Law § 120.15.

72.      Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had advanced toward another person while holding what appeared to be a knife.

73.      Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally transmitted false information to the New York County District Attorney concerning several crucial facts, including whether the Deli counterman was armed with what appeared to be a knife and whether Plaintiff was armed with what appeared to be a knife.

74.      Information transmitted by a police officer and stating that a criminal defendant advanced upon another person with a knife while verbally threatening that other person is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

75.      Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally failed to convey exculpatory information that was within their possession, and that conclusively established that Plaintiff was innocent in fact of any wrongdoing, despite their actual knowledge of such conclusive and exculpatory information.

76.      The failure to transmit conclusive and exculpatory information concerning a criminal defendant to the District Attorney is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

77.     As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

FOURTH CLAIM FOR RELIEF
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

78.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

79.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a violation of rights that are clearly established by the Constitution of the United States.

80.     By actually and physically seizing and arresting Plaintiff, or causing Plaintiff to be actually and physically seized and arrested, without a warrant and without probable cause, Defendants NYPD Officer Vega and NYPD Officers John Does 1 – 3 caused Plaintiff to be arrested, confined, and criminally charged, and thereby deprived Plaintiff of due process of law under the Fourth, Fourteenth and Fifth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

81.     By knowingly and intentionally confining Plaintiff, or causing his confinement to continue, in the Midtown South holding cell cage, after each and all of the Defendants were aware, or had actual knowledge, that surveillance video conclusively confirmed Plaintiff was in fact actually innocent of any wrongdoing or crime, each and all of the Defendants caused Plaintiff to be confined, or caused his confinement to continue, and caused Plaintiff to be

criminally charged, and thereby deprived Plaintiff of due process of law under the Fourth,

Fourteenth and Fifth Amendments to the Constitution of the United States of America, in

violation of 42 U.S.C. § 1983.

82.     Each and all of the actions taken by each and all of the Individual Defendant were

taken under color of State and Municipal law.

83.     As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty,

was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was

caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal

expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the

arrest processing  and had his personal reputation and good name among his close neighbors

destroyed.

FIFTH CLAIM FOR RELIEF<br>
<strong>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</strong>

84.     The Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein.

85.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a violation of rights that are clearly established under the

Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

86.     Each of the Defendants, individually and collectively, intended to commence,

cause the commencement of, or cause the continuation of, criminal proceedings against Plaintiff,

and each of them individually and collectively did in fact commence or continue, or cause the

commencement or continuation of, criminal proceedings against Plaintiff without probable

cause.

87.     Each of the Individual Defendants, individually and collectively, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff by intentionally and knowingly failing to make a complete and full statement of facts to the District Attorney.

88.     Specifically, Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had advanced toward another person while holding what appeared to be a knife.

89.     Specifically, Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe, individually and collectively, knowingly and intentionally failed to inform the District Attorney that surveillance video at the In and Out Deli plainly and conclusively showed that in fact Plaintiff had not advanced toward another person while holding what appeared to be a knife and that as a result no probable cause existed for Plaintiff's warrantless arrest.

90.     Each of the Individual Defendants, individually and collectively, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff by intentionally and knowingly withholding evidence.

91.     Specifically, Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally failed to convey exculpatory information that was within their possession, evidence which conclusively established that Plaintiff was in fact innocent of any wrongdoing and that no probable cause existed for his warrantless arrest, despite their actual knowledge of such conclusive and exculpatory information.

92.      Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe, individually and collectively, by transmitting false information and withholding exculpatory information, commenced or continued, or caused the commencement or continuation of, criminal proceedings without probable cause against Plaintiff, by intentionally and knowingly committing, and/or failing to perform, various actions in bad faith.

93.      Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe individually and collectively, by transmitting false information and withholding exculpatory information, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff without probable cause by recklessly and with gross negligence committing, and/or failing to perform, various actions.

94.      Specifically, by transmitting false information and withholding exculpatory information which established that Plaintiff was in fact innocent of any wrongdoing and that no probable cause existed for his warrantless arrest, Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe deviated so egregiously from acceptable police activity as to demonstrate bad faith and an intentional or reckless disregard for proper procedures.

95.      On February 9, 2023 the criminal proceedings against Plaintiff were terminated in his favor.

96.      Each of the Defendants, individually and collectively, were motivated to and did commence or continue, or caused the commencement or continuation of, criminal proceedings against Plaintiff in order to conceal their dereliction of duty in failing to immediately release Plaintiff from unlawful confinement after viewing surveillance video which plainly and

conclusively showed that Plaintiff had not committed any crime and that no probable cause existed for Plaintiff's warrantless arrest.

97.     Each of the Defendants, individually and collectively, were motivated to and did commence or continue, or caused the commencement or continuation of, criminal proceedings against Plaintiff in order to conceal the dereliction of duty of Defendant NYPD Officers Vega and Officers John Does 1 – 3 in arresting Plaintiff without probable cause or a warrant, solely on the basis of the Deli counterman's statements made by Plaintiff's assailant, after Plaintiff requested police assistance as a result of the Deli counterman's physical threats and verbal assault on him.

98.     As a result of the foregoing, Plaintiff Jeremy Skeen was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, had his personal and professional reputation destroyed, and suffered a loss of time allotted to him to be with his young son, at a crucial age in childhood development, was forced to interrupt his educational endeavors and efforts, and lost employment opportunities.

99.     As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

<u>SIXTH CLAIM FOR RELIEF</u>
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**

100.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

101.    Each Defendant who was present when Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 3, and NYPD Officer Defendant Richard Roe violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

102.    Specifically, each Defendant who was present when Defendant NYPD Officer Vega and/or NYPD Officer John Does 1 – 3 arrested and/or caused Plaintiff to be arrested without probable cause or a warrant had an affirmative duty to intervene on behalf of Plaintiff and failed to intervene to prevent that unlawful arrest.

103.    Specifically, each Defendant who was aware that Plaintiff was still confined in a holding cell after and despite NYPD Officer Defendant Richard Roe viewed the In and Out Deli surveillance video, and after and despite Defendant Roe concluded that in fact Plaintiff had not advanced toward another person while holding what appeared to be a knife and that no probable cause existed for Plaintiff's warrantless arrest, had an affirmative duty to intervene on behalf of Plaintiff and failed to intervene to prevent that continuing unlawful confinement.

104.    As a result of the foregoing, Plaintiff's suffered serious injury, his liberty was restricted for an extended period of time, he was put in fear of his safety, his injuries worsened, he did not receive necessary medical treatment, and he was humiliated and subject to other physical constraints.

105.    As a direct and proximate result of such acts, Defendants, individually and collectively, deprived Plaintiff of his rights under the Constitutions and laws of the United States and of the State of New York.

SEVENTH CLAIM FOR RELIEF<br>
<strong>STATE LAW CLAIM FOR DENIAL OF RIGHT TO FAIR TRIAL</strong>

106.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

107.    Each of Defendant Officer Vega and Officers John Does 1 – 3 investigated, in their official capacities, Plaintiff's complaint that he was physically threatened and verbally assaulted inside the In and Out Deli at 1020 Avenues of the Americas by the counterman employed at that Deli.

108.    Each and all of the Defendants investigated, in their official capacities, the In and Out Deli counterman's allegation that Plaintiff had physically threatened and verbally assaulted the counterman.

109.    Defendants' investigation revealed and made them actually aware that Plaintiff was in fact actually innocent of any wrongdoing or crime.

110.    Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had committed the crime of Menacing in the Third Degree in violation of New York Penal Law § 120.15.

111.    Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had advanced toward another person while holding what appeared to be a knife.

112.    Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally transmitted false information to the New York County District Attorney concerning several crucial facts, including whether the Deli counterman was armed with what appeared to be a knife and whether Plaintiff was armed with what appeared to be a knife.

113.    Information transmitted by a police officer and stating that a criminal defendant advanced upon another person with a knife while verbally threatening that other person is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

114.    Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally failed to convey exculpatory information that was within their possession, and that conclusively established that Plaintiff was innocent in fact of any wrongdoing, despite their actual knowledge of such conclusive and exculpatory information.

115.    The failure to transmit conclusive and exculpatory information concerning a criminal defendant to the District Attorney is likely to influence the decision of any jury weighing the evidence presented in a prosecution of that criminal defendant.

116.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

SEVENTH CLAIM FOR RELIEF
**MALICIOUS PROSECUTION UNDER STATE LAW**

117.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

118.    Each of the Defendants, individually and collectively, intended to commence, cause the commencement of, or cause the continuation of, criminal proceedings against Plaintiff, and each of them individually and collectively did in fact commence or continue, or cause the commencement or continuation of, criminal proceedings against Plaintiff without probable cause.

119.    Each of the Individual Defendants, individually and collectively, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff by intentionally and knowingly failing to make a complete and full statement of facts to the District Attorney.

120.    Specifically, Defendant NYPD Officer Vega knowingly and intentionally transmitted false information to the New York County District Attorney by swearing in a criminal complaint that Plaintiff had advanced toward another person while holding what appeared to be a knife.

121.    Specifically, Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe, individually and collectively, knowingly and intentionally failed to inform the District Attorney that surveillance video at the In and Out Deli plainly and conclusively showed that in fact Plaintiff had not advanced toward another person while holding what appeared to be a knife and that as a result no probable cause existed for Plaintiff's warrantless arrest.

122.    Each of the Individual Defendants, individually and collectively, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff by intentionally and knowingly withholding evidence.

123.    Specifically, Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe knowingly and intentionally failed to convey exculpatory information that was within their possession, evidence which conclusively established that Plaintiff was in fact innocent of any wrongdoing and that no probable cause existed for his warrantless arrest, despite their actual knowledge of such conclusive and exculpatory information.

124.    Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe, individually and collectively, by transmitting false information and withholding exculpatory information, commenced or continued, or caused the commencement or continuation of, criminal proceedings without probable cause against Plaintiff, by intentionally and knowingly committing, and/or failing to perform, various actions in bad faith.

125.    Defendant NYPD Officer Vega, NYPD Officer John Does 1 – 10, and NYPD Officer Defendant Richard Roe individually and collectively, by transmitting false information and withholding exculpatory information, commenced or continued, or caused the commencement or continuation of, criminal proceedings against Plaintiff without probable cause by recklessly and with gross negligence committing, and/or failing to perform, various actions.

126.    Specifically, by transmitting false information and withholding exculpatory information which established that Plaintiff was in fact innocent of any wrongdoing and that no probable cause existed for his warrantless arrest, Defendant NYPD Officer Vega, NYPD Officer

John Does 1 – 10, and NYPD Officer Defendant Richard Roe deviated so egregiously from acceptable police activity as to demonstrate bad faith and an intentional or reckless disregard for proper procedures.

127.    On February 9, 2023 the criminal proceedings against Plaintiff were terminated in his favor.

128.    Each of the Defendants, individually and collectively, were motivated to and did commence or continue, or caused the commencement or continuation of, criminal proceedings against Plaintiff in order to conceal their dereliction of duty in failing to immediately release Plaintiff from unlawful confinement after viewing surveillance video which plainly and conclusively showed that Plaintiff had not committed any crime and that no probable cause existed for Plaintiff's warrantless arrest.

129.    Each of the Defendants, individually and collectively, were motivated to and did commence or continue, or caused the commencement or continuation of, criminal proceedings against Plaintiff in order to conceal the dereliction of duty of Defendant NYPD Officers Vega and Officers John Does 1 – 3 in arresting Plaintiff without probable cause or a warrant, solely on the basis of the Deli counterman's statements made by Plaintiff's assailant, after Plaintiff requested police assistance as a result of the Deli counterman's physical threats and verbal assault on him.

130.    As a result of the foregoing, Plaintiff Jeremy Skeen was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, had his personal and professional reputation destroyed, and suffered a loss of time allotted to him to be with his young son, at a

crucial age in childhood development, was forced to interrupt his educational endeavors and efforts, and lost employment opportunities.

131.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

EIGHTH CAUSE OF ACTION
**Violation of Article I of the New York State Constitution**

132.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

133.    Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

    i.      freedom from unreasonable search and seizure of her person and property;
    ii.     freedom from arrest without probable cause;
    iii.    freedom from false imprisonment, being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent; and
    iv.     freedom from deprivation of liberty without due process of law.

134.    As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered constitutional, physical, economic, and emotional injuries, as well as a deprivation of liberty.

135.    As a result of the above tortious conduct, Plaintiff was caused to suffer constitutional, physical, economic, and emotional injuries, as well as a deprivation of liberty.

136.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

137.    As a result of the above unconstitutional conduct, the City of New York is liable, under the doctrine of respondeat superior, for the conduct of the Individual Defendants, and for any damages the Individual Defendants caused by and through their conduct.

## NINTH CAUSE OF ACTION
**Violation of New York City Administrative Code § 8-802**
**Deprivation of Rights**

138.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

139.    The acts of Defendant Officers constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and of the New York City Police Department.

140.    The acts of Defendant Officers caused Plaintiff to be deprived of the right, as it is granted and guaranteed to him by N.Y.C. Admin. Code §§ 8 – 802, to be secure in his person against unreasonable search and seizure.

141.    The acts of Defendant Officers caused Plaintiff to be deprived of the right, as it is granted and guaranteed to him by N.Y.C. Admin. Code §§ 8 – 802, to be secure in his person against the use of excessive force in connection with Defendants' search and seizure of Plaintiff.

142.    The Defendant Officers, while in uniform, unlawfully seized, searched and arrested the Plaintiff outside the In and Out Deli at 1020 Avenue of the Americas, in violation of N.Y.C. Admin. Code §§ 8 – 802.

143.    The Defendant Officers, while in uniform, continued to confine and seize Plaintiff at the Midtown South Precinct after they had actual knowledge that he was innocent in fact of all wrongdoing, in violation of N.Y.C. Admin. Code §§ 8 – 802.

144.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

145.    As a result of the above conduct, the City of New York is liable, under New York City Administrative Code § 8-803(b) and under the doctrine of respondeat superior, for the conduct of the Individual Defendants, and for any damages the Individual Defendants caused by and through their conduct.

TENTH CAUSE OF ACTION
**Violation of New York City Administrative Code § 8-803
Failure To Intervene**

146.    The Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

147.    The acts of all Defendant Officers constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and of the New York City Police Department.

148.    The failure of Defendant Officers to intervene, in violation of N.Y.C. Admin. Code § 8 – 803, caused Plaintiff to be deprived of the right, as it is granted and guaranteed to him by N.Y.C. Admin. Code § 8 – 802, to be secure in his person against unreasonable search and seizure.

149.    The failure of Defendant Officers to intervene caused Plaintiff to be deprived of the right, as it is granted and guaranteed to him by N.Y.C. Admin. Code §§ 8 – 802, to be secure in his person against the use of excessive force in connection with Defendants' search and seizure of Plaintiff.

150.    The failure of the Defendant Officers to intervene while other Defendant Officers unlawfully seized, searched and arrested the Plaintiff outside the In and Out Deli at 1020 Avenue of the Americas, caused Plaintiff to be deprived of the right to be secure against such illegal acts as it is granted and guaranteed to him by N.Y.C. Admin. Code §§ 8 – 802.

151.    The failure of the Defendant Officers to intervene while other Defendant Officers continued to confine and seize Plaintiff at the Midtown South Precinct, after they had actual knowledge that he was innocent in fact of all wrongdoing and in violation of N.Y.C. Admin. Code §§ 8 – 802, caused Plaintiff to be deprived of the right to be secure against such illegal acts as it is granted and guaranteed to him by N.Y.C. Admin. Code §§ 8 – 802.

152.    As a result of the foregoing, Plaintiff Jermaine James was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was

caused to suffer severe emotional distress, was incarcerated and forced to incur substantial legal expenses and costs to defend himself and obtain his liberty, was caused to feel unwell during the arrest processing  and had his personal reputation and good name among his close neighbors destroyed.

153.   As a result of the above conduct, the City of New York is liable, under New York City Administrative Code § 8-803(b) and under the doctrine of respondeat superior, for the conduct of the Individual Defendants, and for any damages the Individual Defendants caused by and through their conduct.

## JURY DEMAND

154.   Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jermaine James demands judgment against the Defendants on each cause of action in amounts to be determined upon the trial of this action, inclusive of punitive damages and attorneys' fees, and inclusive of costs and disbursements of this action and inclusive of statutory interest on such damages, costs and fees, and such other relief as is appropriate under the law, and that the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1983, 1988, and including reasonable attorney's fees and court costs pursuant to N.Y.C. Admin. Code §§ 8 – 805.

Dated:      New York, New York
            August 8, 2023

                                    Yours, etc.,

                                    _____
                                    Wylie M. Stecklow
                                    Jon Avins
                                    WYLIE STECKLOW PLLC
                                    Carnegie Hall Tower
                                    152 W. 57th Street, 8th Floor
                                    New York, NY 10019
                                    (212) 566 8000