

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

January 12, 2024

VIA ECF & Email: CronanNYSDChambers@nysd.uscourts.gov
Hon. Judge John P. Cronan
United States District Court
Southern District of New. York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    *Jermaine James v. City of NY et al*, 23-cv-6984-JPC

Dear Honorable Judge:

    Please recall that I am the attorney of record for Plaintiff Mr. James.

    I write today in opposition to the City application filed on December 29, 2023. By this letter, Plaintiff requests that the Court immediately issue a Rule 41 dismissal without prejudice so that the case can be refiled on January 17, 2024, one year and ninety days from the date of incident.

    **<u>Medical Authorization</u>**

    The Defense claims that the Plaintiff waived any claim to damages for mental health issues that he suffered as a result of the violation of his constitutional rights by members of the NYPD. The City relies upon Local Rule 83.10 for that position. However, when this claim was filed, the undersigned was not in possession of any medical records nor was it apparent that mental health treatment would be relevant to and impact this case. In fact, the medical record request and HIPAA form submitted to the provider for the Plaintiff's mental health records were dated October 2, 2023. Moreover, the undersigned did not receive information concerning medication until shortly before the pre-mediation conference call, and that information was promptly disclosed at the mediation.

    This City has not been diligent or timely in its pre-trial handling of this matter and its reliance on an unyielding application of the Local Rule should not be well received. The Complaint in this case was filed on August 8, 2023 and the undersigned personally served the Complaint on the municipal defendant as well as on the individual defendant on August 9, 2013, the same day that the summonses were issued on the docket. The City admits that its' inadvertence and oversight delayed assigning the case to an attorney. Indeed, not until September 29, 2023 did ACC Scharfstein contact Plaintiff's counsel in regard to this matter. In the interim, the undersigned contacted the NYC Law Department on multiple occasions seeking an attorney to be assigned to this matter.

Moreover, Plaintiff did not seek a technical default once thirty days from the date of service had passed without an Answer or responsive pleading, as is allowed by the Federal Rules.  The City's argument that its inadvertence is excusable, but Plaintiff's inadvertence is a waiver of rights is neither fair nor just.

Moreover, in the pre-mediation meeting, the parties discussed and reviewed the three different medical authorizations contained in the plan documents.   The parties agreed during that meeting upon which of these three the City would like to receive.  On January 2, 2024, the undersigned provided his copy of the plaintiff's medical records to the City attorney.  Since that date, the Plaintiff has sought a meet and confer to understand whether the City would accept the requested medical authorization and stop advocating for a waiver of damages.

### Meet and Confer

On January 2, 3 and 4th, the undersigned sought a meet and confer with the defense.  On January 5, the City declined to participate in a meet and confer based upon the prior filings in this matter (See dockets 10 and 11), and instead, requested that Plaintiff put in writing the issue they wanted to discuss at the requested meet and confer.  Approximately thirty minutes after receiving this request, Plaintiff complied.  Plaintiff followed up seeking a response from the City on January 8 and 11.  On January 11, the City emailed indicating they never received the January 5 email from Plaintiff that set out the issue in writing, and requested it be resent.  The undersigned sent a pdf of the email thread (See Exhibit 1).  Earlier today, the undersigned again wrote to the City and left a voicemail for the assigned ACC indicating that due to the state statute of limitations running on January 15, 2024, they would need to write to the court today if they did not hear back.  Just past 12:30pm today, the City replied.  Unfortunately, the parties are unable to reach an agreement.

Plaintiff had indicated that he could either (i) provide the requested 160.50 authorization and the requested 1983 Plan HIPAA authorization, or (ii) seek to withdraw the case and refile it immediately, and serve it upon the City with these documents.

As the City has only indicated a few moments ago they would not agree, and due to the timing, the Plaintiff must now respectfully request that this honorable court act quickly so that this matter can be dismissed without prejudice pursuant to FRCP 41.  Plaintiff had sought agreement with the City to avoid any claim waiver arguments based on the 1983 plan.  Unfortunately, the undersigned waited too long for the City position.  Therefore, the Plaintiff unfortunately must make this expedited request.

I remain,

Very truly yours,

Wylie M. Stecklow

In response to the City letter (Docket 11), Plaintiff provides the following information:

### **EXPERT DAMAGES**

The City also raises the issue that Plaintiff could have retained an expert to help assess the damages prior to filing the case, or soon thereafter. The date of incident is and Plaintiff's emotional distress harm is evolving. It would be premature to have it completely assessed at this point. In fact, filing of this suit may be part of the help Plaintiff needs to improve his mental health, but only time will tell. This is not a reason to penalize the Plaintiff, but rather this is a reason to understand why this particular case is not a good fit for plan mediation at this early stage of litigation.

### **PLAN MEDIATION**

City has disclosed in its letter to the Court its belief that this matter is a small case with limited deprivation of liberty. Further, the City has acknowledged that plaintiff believes there is substantial harm beyond garden variety emotional distress. The differing views of the case – understood and identified by the City - is clear support that a plan mediation at this point will not be successful.

Plaintiff has moved for dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether to grant or deny this dismissal is committed to the Court's "sound discretion," though generally "a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (internal quotation marks omitted). On January 13, 2024, the Court ordered the City to respond by January 15, 2024, at noon, to Plaintiff's request, and to address, *inter alia*, what prejudice it may suffer from such dismissal. *See* Dkt. 13. The City failed to do so.

This matter is still in its earliest stages, having progressed no further than the answering of the Complaint, Dkt. 9, and assignment to mediation, and the Court discerns no significant expenditure of resources by the defendants. Accordingly, the Court grants Plaintiff's motion for dismissal without prejudice under Rule 41(a)(2). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.
January 15, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge